Dean R. DAUL, Plaintiff,

v.

Kevin F. MECKUS, et al., Defendant.

Civ. A. No. 94–1694 (PLF).

United States District Court,
District of Columbia.

Aug. 24, 1995.

Dean R. Daul, pro se.

Kimberly N. Tarver, Assistant U.S. Attorney for the District of Columbia, Washington, DC, for defendant.

*OPINION*

PAUL L. FRIEDMAN, District Judge.

Plaintiff, proceeding *pro se*, has brought this *Bivens* action [1] seeking to hold govern-

---

**1.** *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 397, 91 S.Ct. 1999, 2005, 29 L.Ed.2d 619 (1971).

ment agents liable in their individual capacities for alleged constitutional violations. He alleges violations of the Fifth Amendment Due Process Clause of the United States Constitution and of the Animal Welfare Act, 7 U.S.C. §§ 2131 *et seq.,* and its implementing regulations. He names as defendants Kevin F. Meckus, an attorney representing the Animal and Health Inspection Service of the United States Department of Agriculture ("USDA"); John A. Campbell, an Administrative Law Judge at the USDA; Donald A. Campbell, a Judicial Officer for the USDA; William E. Struck, a Review Official with the Inspection Service; and Robert A. Ertman, an attorney in the Market Division of the Office of General Counsel, as well as unnamed John Does associated with the USDA. Defendants have filed a motion to dismiss or, in the alternative, for summary judgment.

Having considered defendants' motion, plaintiff's opposition, all other filings made by plaintiff, defendants' reply and the entire record herein, the Court concludes that defendants Kevin Meckus, John Campbell and Donald Campbell are insulated from suit by the doctrine of absolute immunity. The Court finds that defendants Robert Ertman and William Struck performed their duties in good faith and with reasonable judgment, consistent with applicable statutes and regulations. They therefore are protected by qualified immunity.

## I.  FACTUAL BACKGROUND

On January 15, 1985, Mr. Daul's license as a Class A Dealer under the Animal Welfare Act ("AWA") was officially terminated by the USDA for failure to submit the annual report and license fee required by the AWA regulations. 9 C.F.R. § 2.5. On September 25, 1985, Mr. Daul was served with a complaint alleging violations of the AWA and its corresponding regulations for selling guinea pigs to a research facility without a license on two separate occasions, refusing to allow USDA inspectors to examine his premises and refusing to permit inspectors access to his business records. 7 U.S.C. §§ 2134, 2146(a); 9 C.F.R. § 2.126 (1985). The complaint informed him that rules and regulations of the

USDA required him to file an answer within 20 days of the receipt of the complaint, that failure to file an answer or plead specifically to any allegation would constitute an admission, and that he had a right to request an oral hearing. It also informed him that failure to file a timely answer would constitute a waiver of the oral hearing. *In re Dean Paul,* 45 Agric.Dec. 556, 561 (1986).[2]

Daul's answer, which was dated October 15, 1985, was not received by the USDA until October 21, 1985. It stated in its entirety:

> This is in response to AWA Docket # 360. I will not set forth any explanation at this time. I request a hearing in the city of Green Bay.

The USDA found that the answer was untimely because the regulations then in force required the answer to reach the USDA Hearing Clerk within 20 days in order to be timely filed. 7 C.F.R. § 1.147(d) (1977), now 7 C.F.R. § 1.47(g). The regulations also provided that for the purposes of the USDA proceedings, Mr. Daul's failure to deny or otherwise respond to the allegations in the complaint constituted an admission of the allegations. 7 C.F.R. § 1.136(c). The USDA therefore determined that Mr. Daul's case warranted a default decision under 7 C.F.R. § 1.136(c).

The USDA, represented by defendant Kevin Meckus, filed a motion for proposed decision. In his response to the proposed decision, Mr. Daul stated that "there was nothing to deny as all of the allegations are correct.... the thing that needs to be resolved is whether any laws have been violated." *In re Dean Paul,* 45 Agric.Dec. at 562. Based upon the record, Administrative Law Judge John Campbell entered a decision against plaintiff, finding that Mr. Daul had violated 7 U.S.C. § 2134, which requires a valid license, and 7 U.S.C. § 2146 and 9 C.F.R. § 2.126, by refusing access to his premises and records. ALJ Campbell assessed the then applicable maximum fine of $1,000 for each of the three counts and ordered the total fine of $3,000 to be paid immediately. 7 U.S.C. § 2149(b). The ALJ notified Mr. Daul of this decision on Decem-

---

**2.**  The cited decision incorrectly refers to plaintiff    as Dean Paul.

ber 7, 1985 and informed him that he had the right to appeal the decision, the fine or both, within 30 days.

Mr. Daul filed a late appeal, contending that he voluntarily allowed his Animal Welfare license to expire in November 1984 by orally informing a USDA inspector that he did not want to file an annual report or renew his license. Acting upon the assumption that his license was terminated, Mr. Daul argued that he had no further obligations under the AWA and that he therefore was justified in denying the inspectors access to his premises and records. Judicial Officer Donald A. Campbell issued a decision holding that plaintiff could not assert this and other new defenses on appeal, but that even if he were permitted to do so the record supported findings of violations of the AWA and the implementing regulations. Mr. Campbell specifically found that the record showed both that Mr. Daul had failed properly to terminate his license by making an oral statement to an inspector in 1984 and that he effectively had conceded in his answer and response that the allegations were correct by failing to set forth any defenses. *In re Dean Paul*, 45 Agric.Dec. at 561–62. Mr. Daul petitioned for reconsideration, but that petition was denied. Mr. Daul did not appeal the decision of the Judicial Officer to the United States Court of Appeals as required by statute. 7 U.S.C. § 2149.

Mr. Daul wrote to USDA attorney Robert Ertman on September 10, 1987, objecting to the imposition of the penalty and the legality of administrative offset to collect the penalty. Mr. Daul also demanded that the USDA reimburse him $6,715 for the costs he had incurred as a result of the dispute. Finally, Mr. Daul stated that he did not fall under the AWA definition of a licensed dealer because he did not derive more than $500 from the sale or negotiation of the purchase or sale of any wild animal during any calendar year. *See* 7 U.S.C. § 2132(f)(ii). The USDA considered the letter as a request for a review of the determination of debt. Government's Exhibit ("Govt's Ex.") 3.

Mr. William Struck, a Review Official with the Inspection Service, reviewed Mr. Daul's case and found that the decision by the Judicial Officer was final and conclusive, that the reasons raised by plaintiff were the same ones that had been found lacking by the Judicial Officer, and that his arguments about the inappropriateness of administrative offset were without merit. Mr. Struck ordered that the debt be collected. Mr. Daul again protested the collection by administrative offset. The USDA, by letter dated April 18, 1989, and signed by Mr. Robert Ertman, responded that Mr. Daul had failed to state any valid reasons why administrative offset was not appropriate. Govt's Ex. 3.

More than five years later, Mr. Daul filed this lawsuit, alleging that Mr. Kevin Meckus breached his legal duty by subjecting plaintiff to litigation that lacked any factual or legal basis, that Administrative Law Judge John Campbell breached his lawful duty by applying the AWA and regulations to Mr. Daul's actions when he was no longer a dealer, that Mr. Donald Campbell and Mr. William Struck violated their duties by upholding the ALJ's decision and order, and that Mr. Robert Ertman violated his duty to apply the "specific" collection means rather than the "administrative offset" method of collecting the USDA fine pursuant to 7 U.S.C. § 2149(b). Complaint ¶¶ 17, 21, 25, 29, 33. Mr. Daul alleges that these breaches of duty culminated in a violation of his Fifth Amendment due process rights which directly and/or indirectly resulted in the injury of having to litigate a factually and legally deficient complaint, mental anguish, and physical and emotional distress, and the costs of litigation research, drafting and filing of documents and postage. He seeks compensatory damages in the amount of $26,715, punitive damages in the amount of $250,000, and court costs and fees.

## II.  DISCUSSION

Mr. Daul's sole ground for alleging a constitutional violation is each defendant's alleged "breach of lawful duty" by failing to account for Mr. Daul's asserted status as a non-dealer and by interfering with his right to procedural due process in prosecuting and adjudicating his case. While plaintiff adamantly maintains that he voluntarily terminated his license in 1984, his failure to raise

this, or any, defense when he filed his original answer constituted a default. *See* 7 C.F.R. § 1.136(c). His concession, in his response to the proposed decision, that there was nothing for him to deny, "as all the allegations are correct," underscores his failure to raise any defenses in a timely manner. Mr. Daul presents no evidence supporting his allegation that defendants breached their legal duties by curtailing his procedural due process rights. Rather, the record points to the opposite conclusion, namely, that each defendant acted pursuant to statute and regulation and that Mr. Daul was given proper notice at each stage and an opportunity to present his defenses and arguments. He has either failed to take advantage of his procedural rights or has sought to do so in an untimely fashion.

■ Indeed, Mr. Daul admits that he has exhausted his administrative relief, as he has challenged the outcome of almost every step of the agency process. He fails to allege any specific facts to show that defendants' treatment of the case strayed from agency procedures or purposely skewed the outcome to his detriment. Even assuming the applicability of *Bivens* to the claims asserted here, Mr. Daul's conclusory allegations of unconstitutional motive, devoid of factual support, must be found lacking, and the case must be dismissed. *See Martin v. Malhoyt*, 830 F.2d 237, 257 (D.C.Cir.1987); *Herbage v. Meese*, 747 F.Supp. 60, 63–64 (D.D.C.1990).[3]

### A. Absolute Immunity

■ Plaintiff's claims as to ALJ John Campbell and Mr. Donald Campbell must be dismissed for failure to state a cognizable claim upon which relief may be granted be-cause these USDA officials are absolutely immune from suit. Fed.R.Civ.P. 12(b)(6). A long line of Supreme Court precedent establishes the principle that generally a judge is immune from suit for money damages. *Mireles v. Waco*, 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Cleavinger v. Saxner*, 474 U.S. 193, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985); *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978); *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Absolute judicial immunity provides immunity from suit as well as from the ultimate imposition of damages; it therefore may not be overcome even by allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. at 11, 112 S.Ct. at 287–88. Because administrative law judges exercise independent judgment in performing adjudicatory functions and because of their functional similarities to federal and state trial and appellate judges, administrative law judges and judicial review officers are entitled to absolute immunity from suit for their judicial acts. *Butz v. Economou*, 438 U.S. at 513–14, 98 S.Ct. at 2914–15.

■ Relying upon *Ex Parte Virginia*, 100 U.S. 339, 25 L.Ed. 676 (1879), and *Forrester v. White*, 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988), plaintiff argues that judicial officers may be liable for certain actions they take within the context of their judicial offices. In *Ex Parte Virginia*, the Supreme Court held that a judge who was criminally charged for depriving African–Americans of their civil rights to participate as jurors under the Fourteenth Amendment could not invoke the doctrine of judicial immunity. Even today, a judge may be criminally liable for willful deprivations of constitutional rights pursuant to 18 U.S.C. § 242, but the

---

3. The government maintains that this is not a legitimate *Bivens* claim because what plaintiff really seeks are money damages from the defendants in their official, not personal, capacities. The government argues that such a suit is barred by sovereign immunity absent a waiver of such immunity, and that the AWA contains no such waiver. The government therefore urges dismissal under principles of sovereign immunity.

Furthermore, while the government has not made this argument, Supreme Court precedent suggests that a *Bivens* action is not available to plaintiff because Congress has provided in the AWA itself for an elaborate process, including multi-level administrative procedures and judicial review, to preserve one's license and protect one's rights under the statute and regulations. *See* 7 U.S.C. §§ 2146–2151; 7 C.F.R. §§ 1.130 *et seq.*; 9 C.F.R. §§ 2.1 *et seq.* Because Congress has provided such a statutory remedy, it may be that plaintiff's *Bivens* action should be dismissed for that reason alone. *See Schweiker v. Chilicky*, 487 U.S. 412, 425–30, 108 S.Ct. 2460, 2468–71, 101 L.Ed.2d 370 (1988); *Bush v. Lucas*, 462 U.S. 367, 371–72, 385–88, 103 S.Ct. 2404, 2407–08, 2414–17, 76 L.Ed.2d 648 (1983); *Spagnola v. Mathis*, 859 F.2d 223, 226–28 (D.C.Cir.1988).

same judge is absolutely immune from suit for civil liability for the same alleged unconstitutional deprivation. *See Mireles v. Waco*, 502 U.S. at 10 n. 1, 112 S.Ct. at 287 n. 1; *Imbler v. Pachtman*, 424 U.S. 409, 429, 96 S.Ct. 984, 994, 47 L.Ed.2d 128 (1976); *O'Shea v. Littleton*, 414 U.S. 488, 503, 94 S.Ct. 669, 679–80, 38 L.Ed.2d 674 (1974). In *Forrester v. White*, the Court held that a judge is absolutely immune from liability for judicial actions but not for non-judicial actions that judges also may perform. In that case, the judge had fired a court employee, a probation officer. The court concluded that the nature of the act, rather than the identity of the individual, determines the applicability of absolute judicial immunity, and that Judge White was not immune from suit for this administrative decision to fire the employee. *Forrester v. White*, 484 U.S. at 227–29, 108 S.Ct. at 544. *See Mireles v. Waco*, 502 U.S. at 12, 112 S.Ct. at 288 (citing *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099, 1107–08, 55 L.Ed.2d 331 (1978)).

The actions of ALJ John Campbell and Mr. Donald Campbell were judicial in nature and involved functions typically performed by judges and judicial officers. ALJ Campbell was the judicial officer who initially adjudicated the claim, and Mr. Donald Campbell was the Judicial Officer who reviewed the findings of the ALJ. There are no allegations that either of them was acting outside his judicial role or that either engaged in criminal conduct. *Ex parte Virginia* and *Forrester v. White* do not apply.

Plaintiff's claims against Mr. Kevin Meckus also must be dismissed on grounds of absolute immunity. Because of their intimate association with the judicial function in initiating and prosecuting suits, prosecutors are afforded absolute immunity from civil suits for damages arising from the performance of their official duties. *Imbler v. Pachtman*, 424 U.S. at 424, 96 S.Ct. at 992. The Supreme Court in *Butz* extended this immunity to administrative officials performing certain functions analogous to those of a prosecutor. *Butz v. Economou*, 438 U.S. at 515, 98 S.Ct. at 2915. Mr. Meckus was the USDA agency attorney who initiated and prosecuted Mr. Daul's AWA violation, and his activities were limited to these acts. The reasons for absolute immunity therefore apply with full force to Mr. Meckus. *Id.* at 515–17, 98 S.Ct. at 2915–16; *Imbler v. Pachtman*, 424 U.S. at 430, 96 S.Ct. at 995. Like ALJ Campbell and Mr. Donald Campbell, Mr. Meckus is entitled to absolute immunity under *Butz* so that he may perform his duties without fear of retaliatory counterattacks by individuals targeted by administrative proceedings. *Butz v. Economou*, 438 U.S. at 517, 98 S.Ct. at 2916.[4]

## B. Qualified Immunity

Government officials performing discretionary functions are "generally shielded from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The availability of qualified immunity typically turns on the "objective legal reasonableness" of the official's action assessed in light of the legal rules that were "clearly established" at the time it was taken. *Anderson v. Creighton*, 483 U.S. 635, 639, 107 S.Ct. 3034, 3038–39, 97 L.Ed.2d 523 (1987) (citing *Harlow v. Fitzgerald*, 457 U.S. at 818, 102 S.Ct. at 2738). The boundaries of the established right must be sufficiently clear that a reasonable official would understand that his or her action violates that right; "in the light of pre-existing law the unlawfulness must be apparent." *Anderson v. Creighton*, 483 U.S. at 640, 107 S.Ct. at 3039.

On summary judgment, the Court appropriately may determine not only the currently applicable law, but whether that law was clearly established at the time

---

4. Contrary to plaintiff's assertion, absolute immunity may be applied to a *Bivens* claim without certification of a defendant's actions as official, or within the scope of his employment, by the Attorney General under 28 U.S.C. § 2679(d). Certification by the Attorney General allows the United States to assume the role of defendant from the employee in tort cases arising under the Federal Tort Claims Act. 28 U.S.C. § 2679(d)(1). The government is not a defendant in a *Bivens* action; the defendants are responsible in their individual capacities for any damage award.

**612**

an action occurred, *Siegert v. Gilley,* 500 U.S. 226, 231, 111 S.Ct. 1789, 1792–93, 114 L.Ed.2d 277 (1991). In order to survive summary judgment, the plaintiff must set forth non-conclusory evidence of a violation of a clearly established right and show a *prima facie* case of the defendant's knowledge of impropriety, actual or constructive. *Krohn v. United States,* 742 F.2d 24, 31–32 (1st Cir.1984); *see Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 2815–16, 86 L.Ed.2d 411 (1985).

■ Even construing plaintiff's allegations in the light most favorable to him, Mr. Daul appears merely to allege without proof that each of these defendants exceeded the scope of his authority, that each breached his lawful duty by failing to account for Mr. Daul's alleged status as a non-dealer, and that each defendant somehow interfered with plaintiff's right to procedural due process in prosecuting and adjudicating his case. These conclusory allegations fail to show that any defendant violated any clearly established constitutional or statutory right. There is no evidence that any defendant performed his official duties with actual or constructive knowledge of impropriety or in a manner that would be objectively unreasonable for his position. Plaintiff cites no evidence that defendants overreached or that the procedure followed was faulty or violated any established right. Rather, so far as the record shows, each defendant acted properly pursuant to statute and regulation and took appropriate steps to assure that plaintiff received the procedural due process to which he was entitled.

### III. CONCLUSION

The claims against defendants Kevin Meckus, John Campbell, and Donald Campbell are dismissed because each is insulated from suit by absolute immunity. Furthermore, plaintiff has failed to set forth facts sufficient to demonstrate that any of the defendants violated his clearly established constitutional rights to due process under the Fifth Amendment. Defendants William Struck and Robert Ertman therefore are entitled to qualified immunity and thus to summary judgment, as each of the other three defendants would be if he were not absolutely immune from suit. An Order consistent with this Opinion is entered this same day.

SO ORDERED.

### *ORDER*

This case comes before the Court on Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment. Upon consideration of Defendants' Motion, Plaintiff's response thereto, all other filings made by Plaintiff, and the entire record in this case, and for the reasons stated in the accompanying Opinion, it is hereby

ORDERED that Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment is GRANTED; it is

FURTHER ORDERED that Plaintiff's claims as to Defendants Kevin Meckus, John Campbell and Donald Campbell are DISMISSED with prejudice; it is

FURTHER ORDERED that judgment is entered in favor of Defendants Robert Ertman and William Struck; and it is

FURTHER ORDERED that this case shall be removed from the docket of the Court.

SO ORDERED.