**Nancy FORBUSH, Plaintiff–Appellant,**

v.

**Edward M. ZALESKI, Defendant–
Appellee.**

**No. 01–3290.**

United States Court of Appeals,
Sixth Circuit.

Sept. 26, 2001.

Before SILER and CLAY, Circuit
Judges; GRAHAM, District Judge.*

Nancy Forbush, an Ohio resident proceeding pro se, appeals a district court order dismissing her civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On December 5, 2000, Forbush, having paid the proper filing fee, filed this action against Lorain County Court of Common Pleas Judge Edward M. Zaleski. The complaint asserts that Judge Zaleski, who presided over a civil case filed by Forbush, violated Forbush's civil rights when he dismissed her counterclaim, stayed a claim, denied a demand for jury trial, and scheduled her case for arbitration. Forbush sought monetary relief against Judge Zaleski in his individual and official capacities. In a memorandum opinion and order entered January 11, 2001, the district court dismissed the complaint for lack of subject matter jurisdiction. Forbush's motion for relief from judgment, filed pursuant to Fed.R.Civ.P. 60(b), was denied in an order entered February 14, 2001. This timely appeal followed.

Because Forbush brought her Rule 60 motion within 10 days of the January 11, 2001 entry of judgment, Forbush's post-judgment tolling motion was timely, and thus the thirty day appeal period for the underlying judgment was tolled until the district court ruled on Forbush's motion

---

* The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

for relief from judgment. *See* Fed. R.App. P. 4(a)(4)(A)(vi). The district court's underlying judgment and order denying the Rule 60 motion are reviewable.

We review de novo a district court's decision to dismiss an action for lack of subject matter jurisdiction. *See Haio v. INS,* 199 F.3d 302, 304 (6th Cir.1999); *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir.1990). "Generally, a district court may not sua sponte dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir.1999), *cert. denied,* 528 U.S. 1198, 120 S.Ct. 1263, 146 L.Ed.2d 118 (2000). However, where a complaint is "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" the district court need not afford the plaintiff an opportunity to amend the complaint, especially where the district court has determined that it lacks subject matter jurisdiction over the action. *Id.* (citing *Hagans v. Lavine,* 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974)).

Upon review, we conclude that the district court correctly dismissed Forbush's action for lack of subject matter jurisdiction. *See* Fed.R.Civ.P. 12(b)(1); *Apple,* 183 F.3d at 479. Forbush's complaint is frivolous since Judge Zaleski is immune from liability. *See Neitzke v. Williams,* 490 U.S. 319, 327–28, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Judge Zaleski is entitled to judicial immunity from suit for monetary damages because, when dismissing Forbush' counterclaim, staying a claim, denying Forbush's demand for a jury trial, and scheduling her case for arbitration, he acted within the scope of his official duty as judge and clearly had jurisdictional authority to preside over Forbush's suit. *See Mireles v. Waco,* 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Stump v. Sparkman,* 435 U.S. 349, 359, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Johnson v. Turner,* 125 F.3d 324, 333–34 (6th Cir. 1997).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.