**Ronald T. EDWARDS, Plaintiff,**

v.

**James Harvie WILKINSON,
III, et al., Defendants.**

**Civil Action No. 01–2093(RMU).**

United States District Court,
District of Columbia.

Nov. 29, 2002.

Ronald T. Edwards, Washington, DC, Pro Se.

Beverly M. Russell, U.S. Attorney's Office, Washington, DC, for Defendants.

*MEMORANDUM OPINION*

RICARDO M. URBINA, District Judge.

GRANTING THE DEFENDANTS' MOTION TO DISMISS; DENYING THE PLAINTIFF'S CONTINGENT MOTION TO AMEND HIS COMPLAINT

## I. INTRODUCTION

The *pro se*[1] plaintiff, Ronald T. Edwards, brings this *Bivens*[2] action for damages against three federal judges in their official and individual capacities. The defendants are United States Court of Appeals Judges James H. Wilkinson, III, and Diana G. Motz and United States District Judge Samuel G. Wilson. Mr. Edwards claims that the defendants, sitting as a panel of the United States Court of Appeals for the Fourth Circuit, violated his constitutional rights by affirming a trial court judgment against him. This matter is currently before the court on the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), (4), and (6) and the plaintiff's "contingent" motion for leave to amend his complaint. For the reasons that follow, the court grants the defendants' motion to dismiss and denies the plaintiff's contingent motion for leave to amend his complaint.

## II. BACKGROUND

The plaintiff filed a malpractice suit in the United States District Court for the District of Maryland against Charles Tobin, an attorney who had represented the plaintiff in an appeal before the Maryland Court of Appeals. Compl. ¶¶ 18, 27. The original case involved a patent dispute be-

---

1. Though the plaintiff states that he is *pro se,* in his opposition to the motion to dismiss and in his contingent motion for leave to amend his complaint the plaintiff states that American University law professor Mark C. Niles has assisted him "in this matter." Pl.'s Opp'n at 1; Pl.'s Mot. to Amend at 1. Professor Niles has not signed any of the submissions, and the plaintiff has not stated whether Professor Niles is admitted to practice law in this jurisdiction.

2. *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

tween Mr. Edwards and an engineering corporation. *Id.* ¶¶ 12–17. The plaintiff claims that Mr. Tobin submitted a falsified record to the state appellate court, resulting in a judgment against the plaintiff. *Id.* ¶¶ 23–24. After the judgment, the plaintiff allegedly learned that Mr. Tobin had organized crime connections. *Id.* ¶ 18.

On the plaintiff's malpractice claim, the district court granted Mr. Tobin's motion for summary judgment, holding that Mr. Edwards' suit was an improper collateral attack on the state appellate court's ruling. *Id.* ¶ 30, Ex. 6. The plaintiff appealed to the Fourth Circuit. *Id.* ¶ 31, Ex. 6. Sitting as a panel, the defendants affirmed the district court's judgment on March 19, 1998.[3] *Id.* On October 5, 1998, the Supreme Court denied the plaintiff's petition for a writ of certiorari. *Id.* ¶ 31; *Edwards v. Tobin,* 525 U.S. 906, 119 S.Ct. 243, 142 L.Ed.2d 200 (1998).

The plaintiff pleads that the defendants knew, or should have known, that the district court and the state appellate court based their rulings on a falsified record. Compl. ¶ 32. The defendants' ruling on the plaintiff's appeal allegedly deprived the plaintiff of his constitutional rights "in order to protect a defendant with known organized crime connections and to protect Maryland authorities from exposure of their complicity." Pl.'s Opp'n at 2–3. In the instant complaint, Mr. Edwards alleges violations of the First, Fifth, Eighth and Fourteenth Amendments,[4] that, according to the plaintiff, constitute a *Bivens* action. Compl. ¶¶ 1, 4. The plaintiff states that "at all times relevant to the matters com-plained of herein" the defendants were acting within the scope of their employment and in their official capacities. *Id.* ¶ 10. Accordingly, the plaintiff seeks relief including: (1) compensatory damages for the loss of his malpractice claim against Mr. Tobin in the amount of 23 million dollars; (2) compensatory damages for emotional distress; and (3) punitive damages. *Id.* ¶ 57.

## III.  ANALYSIS

### A.  Legal Standard for a Motion to Dismiss

For a complaint to survive a Rule 12(b)(6) motion to dismiss, it need only provide a short and plain statement of the claim and the grounds on which it rests. FED.R.CIV.P. 8(a)(2); *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss under Rule 12(b)(6) tests not whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim. FED.R.CIV.P. 12(b)(6); *Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683. The plaintiff need not plead the elements of a prima-facie case in the complaint. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (holding that a plaintiff in an employment-discrimination case need not establish her prima-facie case in the complaint); *Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111, 1114 (D.C.Cir.2000). Thus, the court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent

---

**3.** The Fourth Circuit decision, included as Plaintiff's Exhibit 6, provides a more extensive factual summary of the events that led to the present lawsuit. *Edwards v. Tobin,* 139 F.3d 889, 1998 WL 123060, at *1–3 (4th Cir. 1998), *cert. denied,* 525 U.S. 906, 119 S.Ct. 243, 142 L.Ed.2d 200 (1998).

**4.** Specifically, Mr. Edwards alleges that the defendants violated his (1) First Amendment right to petition the government for redress of grievances; (2) Fifth Amendment right by depriving him of a property interest without due process of law; and (3) Eight Amendment protection against cruel and unusual punishment. Compl. ¶¶ 43–55. He fails to detail his Fourteenth Amendment claim.

with the allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Atchinson v. Dist. of Columbia,* 73 F.3d 418, 422 (D.C.Cir.1996). In deciding such a motion, the court must accept all of the complaint's well-pled factual allegations as true and draw all reasonable inferences in the nonmovant's favor. *Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683.

### B. Judicial Immunity

■■■ The plaintiff's claims fail because judicial immunity protects the defendants from suit.[5] The principle of judicial immunity is well-established. *Tinsley v. Widener,* 150 F.Supp.2d 7, 11 (D.D.C.2001) (citing *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Bradley v. Fisher,* 80 U.S. 335, 13 Wall. 335, 20 L.Ed. 646 (1871); *Randall v. Brigham,* 74 U.S. 523, 7 Wall. 523, 19 L.Ed. 285 (1868)). Absolute immunity is necessary for judges carrying out their judicial functions because judges must "act upon [their] convictions, without apprehension of personal consequences to [themselves]." *Bradley,* 80 U.S. at 347, 13 Wall. 335. Appealing to a higher court for relief is the only judicial procedure available to a litigant who seeks to challenge the legality of decisions made by a judge in her judicial capacity. *Dacey v. Clapp,* 1993 WL 547467, at *1–2 (D.D.C. Oct. 23, 1993). Judicial immunity does not extend to judges' administrative, legislative, or executive functions, however. *Forrester v. White,* 484 U.S. 219, 227, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988).

■■■ The nature of the act and not the identity of the individual determines whether absolute judicial immunity is applicable. Thus, so long as the act involves a judicial function, immunity applies regardless of whether the plaintiff is suing the judge in her individual or official capacity. *Daul v. Meckus,* 897 F.Supp. 606, 611 (D.D.C.1995), *aff'd,* 107 F.3d 922 (D.C.Cir.1996) (per curiam); *see also Forbush v. Zaleski,* 20 Fed.Appx. 481, 482 (6th Cir.2001) (applying judicial immunity to a judge sued in his individual and official capacities for actions within the scope of his official duties). The acts of assigning a case, ruling on pretrial matters, and rendering a decision are all within a judge's judicial capacity. *John v. Barron,* 897 F.2d 1387, 1391 (7th Cir.1990), *cert. den'd,* 498 U.S. 821, 111 S.Ct. 69, 112 L.Ed.2d 43 (1990).

■■ Immunity for judicial functions does not apply when judges act in the clear absence of jurisdiction. *Stump,* 435 U.S. at 357, 98 S.Ct. 1099. This limitation, however, is narrowly construed. *Id.* at 356, 98 S.Ct. 1099.

Mr. Edwards asserts that judicial immunity does not apply here because the defendants took such "egregious" actions as to render them "not within either their jurisdiction or judicial capacity." Pl.'s Opp'n at 4. Alternatively, the plaintiff urges that if judicial immunity applies, the court should recognize an exception to the doctrine because the defendants "conspired to deny the plaintiff his constitutional rights because of who . . . Charles Tobin was and because of his organized crime connections" as well as "to protect the Maryland courts that had participated in the creation of a falsified record." Pl.'s Opp'n at 5.

Here, the defendants ruled on an appeal that the plaintiff himself placed before them. Compl. at 31. The plaintiff even concedes that the defendants were acting within the scope of their official duties.

---

5. As judicial immunity bars the plaintiff's claims, the court does not address the defendants' sovereign and qualified immunity arguments.

Compl. ¶ 10. Thus, the defendants acted within their judicial capacity. *John*, 897 F.2d at 1387. Indeed, this is a paradigmatic example of judges carrying out their judicial function. *Forrester*, 484 U.S. at 227, 108 S.Ct. 538. The appropriate procedure for questioning the legality of the defendants' decision is an appeal to the Supreme Court, not a civil action against the presiding judges.[6] *See Dacey*, 1993 WL 547467, at *1–2. For all these reasons, judicial immunity bars the plaintiff's claims.

■ Perhaps realizing that the claims are barred, the plaintiff asks the court to create an exception to the doctrine of judicial immunity. Pl.'s Opp'n at 5. In asking the court to ignore numerous Supreme Court decisions and over 130 years of precedent, the plaintiff fails to cite any cases where courts have waived judicial immunity based on a defendant's "egregious" behavior. *Id.* The plaintiff relies mistakenly on *Westfall*, which pertains to the absolute immunity of federal employees sued under state tort law—not the immunity of judges sued for constitutional violations. *Id.; Westfall v. Erwin*, 484 U.S. 292, 293, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988). Thus, the court will not create an exception to judicial immunity.

### C. The Court Denies the Plaintiff's Contingent Motion for Leave to Amend His Complaint

■ The plaintiff's opposition to the defendants' motion to dismiss contains a brief assertion that if the court

> finds that the *pro se* plaintiff's complaint fails to state a claim upon which relief can be granted, the defendant's Motion to Dismiss with prejudice should be denied. The proper response should not be to dismiss the claim, but to allow the

*pro se* plaintiff to amend the complaint in order to state an actionable claim.

Pl.'s Opp'n at 3. This request is unusual, especially because no proposed amended complaint is before the court and the plaintiff fails to demonstrate how the amended complaint would properly state a claim.

Because of these shortcomings in the plaintiff's opposition, the court issued an order earlier this month directing the plaintiff to clarify whether he seeks to amend his complaint. Order dated Nov. 13, 2002. The order also directs the plaintiff to submit the proposed amended complaint, if applicable, and to "detail how the amended complaint differs from the original complaint." *Id.;* LCvR 7.1(i) (requiring a motion to amend a pleading to include the proposed amended pleading).

Responding to the court's order, the plaintiff filed a Contingent Motion for Leave to Amend Complaint. Instead of providing the information ordered by the court, the motion merely reiterates the request contained in the opposition. Pl.'s Opp'n at 3; Pl.'s Mot. to Amend at 1–2. The motion fails to comply with the court's order because it neither includes the proposed amended complaint nor states how the amended complaint would differ from the original complaint. *Id.* The motion argues that the court should deny the motion to dismiss so that the plaintiff can amend his complaint, if the denial is pursuant to Federal Rule of Civil Procedure 12(b)(6). The plaintiff provides no legal authority for this request, and cites to no local rule that would permit the request. The plaintiff, in essence, is asking the court to blindly deny a valid motion so that the plaintiff can amend his complaint with

---

**6.** As noted *supra*, the plaintiff did appeal to the Supreme Court, but the Court denied his petition for a writ of certiorari on October 5, 1998. *Edwards*, 525 U.S. 906, 119 S.Ct. 243, 142 L.Ed.2d 200.

any document labeled as an amended complaint. *Id.* This the court will not do. Thus, the court denies the plaintiff's motion. LCvR 7.1(i).

## IV. CONCLUSION

For all these reasons, the court grants the defendants' motion to dismiss and denies the contingent motion for leave to amend the complaint. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 29th day of November, 2002.

### *ORDER*

**GRANTING THE DEFENDANTS' MOTION TO DISMISS; DENYING THE PLAINTIFF'S CONTINGENT MOTION TO AMEND HIS COMPLAINT**

For the reasons stated in this court's Memorandum Opinion separately and contemporaneously issued this 29th day of November, 2002, it is

**ORDERED** that the defendants' motion to dismiss is **GRANTED;** and it is

**FURTHER ORDERED** that the plaintiff's contingent motion for leave to amend his complaint is **DENIED.**

**SO ORDERED.**