Leonard B. **WATSON**, Plaintiff,

v.

The **CREDIT BUREAU, INCORPORATED OF GEORGIA and General Motors Acceptance Corporation, of New York,** Defendants.

Civ. A. No. S84–0198(NG).

United States District Court,
S.D. Mississippi, S.D.

Sept. 5, 1986.

Earl Stegall, Gulfport, Miss., for plaintiff.

Henry F. Laird, Jr., Gulfport, Miss., Robert Alan Byrd, Biloxi, Miss., for defendants.

## MEMORANDUM OPINION

GEX, District Judge.

This action was filed by the Plaintiff against Defendants, The Credit Bureau, Incorporated of Georgia (CBI) and General Motors Acceptance Corporation, of New York (GMAC). Both Defendants have filed Motions for Summary Judgment.

### A. STATEMENT OF FACTS

Plaintiff alleged he incurred damages (i.e., denial of credit, emotional anguish, embarrassment, injury to character and reputation) due to one or both Defendants' negligent maintenance of his credit history. Specifically, Plaintiff complains of GMAC's failure to advise (or, if GMAC did so advise, CBI's failure to properly respond) CBI that information contained in at least one credit report[1] published by CBI—which indicated that a certain vehicle purchased by Plaintiff and financed through GMAC in 1981 was voluntarily repossessed—should be deleted from Plaintiff's credit history.[2] An affidavit from CBI's Gulfport Operations Manager maintains that CBI's stan-

---

1. One particular instance cited occurred on July 27, 1983, when Plaintiff applied for a loan from Hancock Mortgage Corporation of Gulfport, Mississippi. The credit report obtained by GMAC contained a reference to the repossession and to delinquencies Plaintiff had in paying his GMAC notes and his charge account with a local department store.

2. By way of background information, on May 26, 1981, Plaintiff purchased a 1981 Pontiac from a Gulfport car dealership and obtained financing through GMAC. The Plaintiff became dissatisfied with the automobile and, alleging a defect, commenced suit in October, 1981, against the dealership and General Motors Corporation (GMC) in state court seeking rescission of the retail installment contract he had entered into with GMAC and additional relief. The Plaintiff ceased making payments to GMAC during the pendency of the state court litigation, and demand for payment was duly made by GMAC. On January 29, 1982, counsel for the Plaintiff advised GMAC that his client would no longer be making payments on the car and that GMAC was free to re-take possession of the vehicle pursuant to the terms of the installment contract.

The state court action was ultimately settled and dismissed on March 25, 1982. As part of the settlement, Plaintiff executed a release in favor of the dealership, GMC and their respective "assigns". Although not specifically listed as part of the consideration for the release, GMAC wrote a letter to CBI on March 8, 1982, requesting that the previously reported voluntary repossession be removed from the Plaintiff's credit file. Finding that any cause of action Plaintiff might assert for breach of a condition of the settlement agreement should be directed against GMC and/or the dealership, not GMAC, this Court's Order dated July 25, 1986, allowed Plaintiff ten days in which to amend his Complaint to name the proper party Defendants.

**50**

dard verification procedures were adhered to before a credit report was issued concerning the Plaintiff, and that GMAC verified the repossession. Significantly, Plaintiff concedes the truth and accuracy of the credit report(s) published by CBI.

## B. CONCLUSIONS OF LAW

Although Plaintiff has couched his Amended Complaint in terms of common law negligence,[3] Plaintiff's action against CBI is subject to the preemption provision of the Fair Credit Reporting Act (Act). *Thornton v. Equifax, Inc.* 619 F.2d 700 (8th Cir.1980). 15 U.S.C. Section 1681h(e) provides:

> (e) Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, except as to false information furnished with malice or willful intent to injure such consumer.

Pursuant to the above quoted section, the Court must scrutinize CBI's motion for summary judgment against the proscriptions of 15 U.S.C. Section 1681o of the Act, which imposes liability on a consumer reporting agency for negligent failure to comply with "any requirement imposed" by the Act. Section 1681e(b) of the Act provides:

> When a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of information concerning the individual about whom the report relates.

"Section 1681e(b) does not impose strict liability for any inaccurate credit report, but only a duty of reasonable care in preparation of the report." *Thompson v. San Antonio Retail Merchants Assn.*, 682 F.2d 509 (5th Cir.1982). The Court is of the opinion that CBI maintained and followed reasonable procedures to assure the maximum possible accuracy of its credit report(s), and that CBI therefore satisfactorily discharged its duty of reasonable care with respect to the contents of the report(s)[4] Further, the truth and accuracy of Plaintiff's credit history as reported by CBI insulates it from liability under the Act.

Accordingly, the Court determines that there exists no genuine issue of material fact which would operate to preclude CBI from being entitled to summary judgment as a matter of law under Rule 56 of the Federal Rules of Civil Procedure. *See Anderson, Et Al. v. Liberty Lobby, Inc., Et Al.,* —— U.S. ——, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A separate Judgment in favor of CBI will be entered by the Court.

---

**3.** If Plaintiff's Amended Complaint can be construed as alleging a cause of action other than negligence, it would be a claim for libel due to his allegation that the credit report(s) prepared by CBI injured his character and reputation. Even assuming a cause of action for libel has been stated, however, CBI's motion as to this claim should still be granted in light of Plaintiffs' admission that the information appearing in Plaintiff's credit history is true and accurate. *Ferguson v. Watkins,* 448 So.2d 271 (Miss.1984). Moreover, a review of the deposition and affidavit of CBI personnel filed in this cause disclose that the credit report(s) complained of were published in good faith pursuant to a duty to report, thereby giving rise to a qualified privilege. *Wilson v. Retail Credit Company,* 325 F.Supp. 460 (S.D.Miss.1971), aff'd 457 F.2d 1406 (5th Cir.1972); *Burris v. South Central Bell Telephone Co.,* 540 F.Supp. 905 (S.D.Miss.1982).

**4.** This finding extends to CBI's effort to reinvestigate the alleged inaccuracy of the report(s) when confronted with the allegation by the Plaintiff at CBI's Gulfport office on August 5, 1983; the telephone call made by CBI personnel to GMAC confirmed once again the accuracy of the voluntary repossession and late payments.