Edward G. TINSLEY, Plaintiff,

v.

TRW INCORPORATED,
et al., Defendants.

Civ. A. No. PJM 94–1268.

United States District Court,
D. Maryland,
Southern Division.

March 23, 1995.

Edward G. Tinsley, Brandywine, MD, pro se.

Thomas M. Wood, IV, Jeffrey Thane Bubier, Emmett F. McGee, Jr., Baltimore, MD, Sandy D. Baron, College Park, MD, for defendants.

MESSITTE, District Judge.

## I.

Plaintiff Edward G. Tinsley, acting pro se, has sued Defendants TRW, Inc. (TRW) and Equifax Credit Information Services, Inc. (Equifax)[1] for "willful negligence"[2] in merging his credit profile with that of his father. Plaintiff maintains that Defendants' actions resulted in an unfavorable credit report which unfairly restricted him from pursuing real estate investment opportunities and from refinancing his home.

Defendants have moved for summary judgment principally on the grounds that, since Plaintiff never attempted to purchase real property and never applied to refinance his home, he has sustained no damages. Defendants also argue that FCRA is inapplicable because Plaintiff would have conducted any real estate transactions through his business entity rather than as a consumer and, even assuming applicability of the Act, Plaintiff has offered no evidence that Defendants acted willfully or negligently. The Court has determined to grant Defendants' motion.

## II.

Summary judgment is appropriate if there is no genuine issue of material fact that could lead a rationale trier of fact to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). While all justifiable in-

ferences must be drawn in favor of the non-movant, *Miltier v. Beorn*, 896 F.2d 848 (4th Cir.1990), the non-moving party cannot create a genuine issue of material fact through mere speculation or the building of inference upon inference. *Beale v. Harding*, 769 F.2d 213 (4th Cir.1985).

## III.

These are the facts considered in the light most favorable to Plaintiff:

Tinsley, a full-time employee of the Washington Metropolitan Area Transit Authority, also owns rental properties. He conducts his real estate investment activities under the name of "TGE Associates," which maintains its own post-office box and checking account. Defendant TRW, an Ohio corporation, and Defendant Equifax, a Georgia corporation, are credit reporting agencies.

On October 1, 1992, Plaintiff sent letters to Defendants advising that they had erroneously merged his and his father's credit accounts.[3] Because Plaintiff did not identify specific errors, TRW and Equifax sent him updated credit reports and requested that he particularize all information in error. There is no evidence that Plaintiff ever did this.

In January of 1994, however, Plaintiff contacted Christine Jones of Homestead Mortgage Company regarding possible refinancing of his home. According to Jones's uncontradicted affidavit, with Plaintiff's permission she obtained an infile report listing certain tax liens and accounts which Plaintiff contends were his father's obligations. The infile report cautioned that the account might contain information referring to another family member, stating that "this is not a residential mortgage report. Information is to be used for infile purposes only. The above information has not been investigated." Subsequently Jones contacted Plaintiff to inform him that the tax liens on the infile report

**1.** Defendant Transunion Corporation was previously dismissed from this suit with prejudice.

**2.** "Willful negligence" is an oxymoron. Under the Fair Credit Reporting Act (FCRA), 15 U.S.C.A. § 1681 *et seq.*, willful failure to follow reasonable procedures to assure maximum accu-

racy of credit information constitutes one cause of action (§ 1681n), negligent failure another (§ 1681o).

**3.** Plaintiff's father is also named Edward Tinsley. Plaintiff, while not physically residing with his father, frequently uses his father's home address for various purposes.

needed to be resolved and that he should provide documentary evidence that the liens were not his. She followed up by sending Plaintiff written information and an application. Again Plaintiff failed to respond. Before this Court, Plaintiff, without more, declares that he "would have no problem getting evidence of lenders' TOTAL UNWILL-INGNESS to work with clients who have delinquent credit history (Emphasis in original)."

Although Plaintiff claims that erroneous entries on his credit report prevented him from investing in distressed real property, he identifies no instance in which he bid on or sought financing for a property and was rejected as a result of information on his credit reports. In the one attempt to invest in a property he cites, that in Temple Hills, Maryland, the sellers either decided to take another offer or did not accept his. Plaintiff's allegedly lost opportunity for refinancing his home involves the same application to Homestead Mortgage Company referred to previously. Although claiming inability to refinance with Homestead because of negative entries on his credit report, it is further undisputed that Plaintiff never actually applied for the refinancing.

### IV.

▮ The Court will assume, for present purposes, that the credit report in this case was a "consumer report," within the meaning of FCRA, § 1681a(d); that is, that the report was expected to be used to qualify Plaintiff for "credit ... to be used primarily for personal ... purposes." *See Ippolito v. WNS, Inc.,* 864 F.2d 440, 449 (7th Cir.1988), *cert. dismissed,* 490 U.S. 1061, 109 S.Ct. 1975, 104 L.Ed.2d 623 (1989). It still remains for Plaintiff to present at least a modicum of evidence that Defendants did not comply with FCRA and acted either willfully or negligently in not doing so. *See Middlebrooks v. Retail Credit Co.,* 416 F.Supp. 1013, 1015 (N.D.Ga.1976). Mere proof of inaccuracy in a credit report will not suffice. FCRA does not impose strict liability, only liability for malicious or willful non-compliance, *Watson v. Credit Bureau, Inc.,* 660 F.Supp. 48, 50 (S.D.Miss.1986), or for breach of a "duty of

reasonable care in preparation of the report." *Thompson v. San Antonio Retail Merchants Assoc'n,* 682 F.2d 509, 513 (5th Cir.1982).

▮ Plaintiff never gets beyond an allegation of inaccuracy in this case. Defendants' evidence of the procedures they maintained and executed to assure maximum possible accuracy in their reports is uncontradicted. Plaintiff has not troubled himself to show in any respect that these procedures breached any standard of reasonable care much less were willfully or maliciously contrived. Moreover, Plaintiff's own failure to specify or follow up on claimed errors breaks any chain of causation as far as negligent or willful acts on the part of Defendants might be concerned. Plaintiff has raised no genuine issue of material fact as to violation of FCRA by Defendants.

▮ Plaintiff's case similarly falters on the matter of damages; quite simply, he has shown none. He lost no investment opportunity by reason of any credit report nor can he show a lost opportunity to refinance his home mortgage when he never made application for such. The absence of any economic damage dooms Plaintiff's venture in this Court. *See Ladner v. Equifax Credit Info. Servs., Inc.,* 828 F.Supp. 427, 432 (S.D.Miss. 1993).

In view of the foregoing, the Court finds no need to address the other arguments Defendants raise in their motion.

A separate Order will be entered implementing this decision.

### FINAL ORDER OF JUDGMENT

Upon consideration of Defendants' Motion for Summary Judgment and Plaintiff's Opposition thereto, it is for the reasons set forth in the accompanying Opinion, this 23 day of March, 1995.

ORDERED that said Motion is hereby GRANTED; and it is further

ORDERED that final judgment is hereby ENTERED in favor of Defendants TRW, Inc. and Equifax Credit Information Ser-

vices, Inc. and against Plaintiff Edward G. Tinsley, costs to be paid by Plaintiff.