**Brian MEYER, Plaintiff,**

v.

**FEDERAL BUREAU OF PRISONS, et al., Defendants.**

**Civil Action No. 95–02263.**

United States District Court,
· District of Columbia.

May 24, 1996.

Brian Meyer, Rochester, MN, pro se.

Rudolph Contreras, Assistant United States Attorney, with whom Eric H. Holder, Jr., United States Attorney, Washington, DC, appeared on the briefs, for Defendants.

## MEMORANDUM OPINION

### CHARLES R. RICHEY, District Judge.

Before the Court in the above-captioned case is the defendants' Response to the Court's Show Cause Order, in which the defendants move to dismiss the above-captioned case for lack of jurisdiction, failure to state a claim, and failure to exhaust administrative remedies. In this case the plaintiff inmate, a self-described practicing Jew, alleges that he was compelled to work during the Passover holiday in violation of his constitutional and statutory rights.

Upon careful consideration of the parties' pleadings, the entire record herein, and the law applicable thereto, the Court shall grant the defendants' motion to dismiss the plaintiff's claims against the defendant Krebbs in his individual capacity for lack of personal jurisdiction; the Court shall grant the defendants' motion to dismiss the plaintiff's claims against the defendant Federal Bureau of Prisons and the defendant Krebbs in his official capacity for monetary damages; and the Court shall transfer the plaintiff's claim for equitable relief to the United States District Court for the Western District of Missouri.

## BACKGROUND

The plaintiff, a federal prisoner, alleges that the defendant Bureau of Prisons (BOP) and defendant Art Krebbs, an employee in the Environmental Health Department of the federal correction facility in Springfield (MCFP Springfield), violated his rights under the Constitution and the Religious Freedom Restoration Act of 1993 (RFRA), 42 U.S.C. §§ 2000bb–1. Specifically, the plaintiff alleges that while an inmate at MCFP Springfield, the plaintiff obtained pre-approval from prison officials to take religious work holidays during Passover, yet the defendant Krebbs required the plaintiff to work during those days. The plaintiff seeks to recover compensatory damages for personal injury and mental anguish, punitive damages, an apology to the Jewish community, and all costs and fees.

On December 14, 1995,[1] this Court issued an Order in the above-captioned case directing the defendant to show cause as to whether the case should be dismissed and whether summary judgment should be granted in favor of the defendants. In that Order, the Court stated that "any factual assertion(s) in the defendants' response will be accepted by the Court as being true and accurate unless the plaintiff submits his own affidavits or other documentary evidence contradicting the assertion(s) . . . ." The Court further directed the plaintiff to file any opposition with the Court.

On January 5, 1996, the plaintiff, now an inmate at FMC Rochester, Minnesota, filed an objection to language of the Court's December 14, 1995 Order, stating that "it appears the bench has made a determination to grant summary judgment or dismiss . . . ." The plaintiff also stated that he had received and read the Court's Order.

The Court granted a number of enlargements of time requested by the defendants within which to reply to Court's show cause Order. On March 19, 1996, the Court received a motion by the plaintiff for an extension of time to April 15, 1996 to answer the defendants' motion for dismissal. However, the plaintiff never filed his opposition to the defendants' motion for dismissal. The Court will now address the sufficiency of the plaintiff's Complaint and the jurisdiction of the Court.

---

**1.** The Order was not filed by the Clerk of the Court until December 19, 1995.

## DISCUSSION

### I. THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER THE DEFENDANT KREBBS BECAUSE KREBBS IS NOT ALLEGED TO HAVE CONDUCTED ANY BUSINESS OR MADE ANY CONTRACTS IN THE DISTRICT OF COLUMBIA, NOR IS HE ALLEGED TO HAVE HARMED THE PLAINTIFF IN ANY WAY IN THE DISTRICT OF COLUMBIA.

██ The District of Columbia long-arm statute, D.C.Code § 13–423, is the only basis upon which personal jurisdiction may be obtained over defendants who do not reside within or maintain a principal place of business in the District of Columbia. *Reuber v. United States,* 750 F.2d 1039, 1049 (D.C.Cir. 1984). The statute provides that a court in the District of Columbia may exercise personal jurisdiction over a defendant with regard to a claim arising from the defendant's:

(1) transacting any business in the District of Columbia;

(2) contracting to supply services in the District of Columbia;

(3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

(4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he [or she] regularly does or solicits business, [or] engages in any other persistent courts of conduct ... in the District of Columbia.

D.C.Code § 13–423(a)(1)–(4) (1981).

██ The plaintiff alleges that the defendant Krebbs resides in Missouri. The plaintiff fails to allege that the defendant Krebbs conducted any business or made any contracts for services in the District of Columbia. Nor does the plaintiff allege that he was harmed in any way in the District of Columbia by Krebbs. As a result, the Court cannot exercise personal jurisdiction over the defendant Krebbs. Absent jurisdiction, the Court need not address other possible deficiencies raised by the defendants regarding the plaintiff's constitutional tort claims against the defendant Krebbs in his individual capacity pursuant to *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)[2] and RFRA.[3]

### II. THE PLAINTIFF FAILS TO STATE A CLAIM FOR MONETARY DAMAGES AGAINST THE DEFENDANT FEDERAL BUREAU OF PRISONS AND THE DEFENDANT KREBBS IN HIS OFFICIAL CAPACITY, UNDER EITHER *BIVENS* OR RFRA, BECAUSE THE GOVERNMENT HAS NOT WAIVED SOVEREIGN IMMUNITY FOR SUCH CLAIMS.

██ Sovereign immunity bars damages actions against the United States for violations of constitutional rights unless there is an explicit waiver. *See Bivens,* 403 U.S. at 410, 91 S.Ct. at 2011–12. *See also, United States v. King,* 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969) (Statutory waiver of sovereign immunity must be express and explicit); *United States v. Shaw,* 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1940) (same). Although the Federal Tort Claims Act (FTCA) waives the federal government's immunity in certain circumstances, the FTCA does not waive sovereign immunity for constitutional torts that may be committed by its employees. 28

---

**2.** The defendants argue in their motion that the Complaint does not set forth a claim under *Bivens* because the plaintiff failed to allege that defendant Krebbs was aware that the plaintiff complied with the pre-approval requirements for taking a religious holiday. Courts have held that plaintiffs relying on *Bivens* are held to a "heightened pleading standard" requiring plaintiffs to "specify the 'clearly established' rights they allege to have been violated with ... precis[ion]." *Martin v. Malhoyt,* 830 F.2d 237, 253, *reh. denied,* 833 F.2d 1049 (D.C.Cir.1987) (citations omitted).

Additionally, federal officials are entitled to qualified immunity from constitutional and statutory claims, and the plaintiff has the burden of showing that the defendants' alleged actions violated clearly established law or were objectively unreasonable. *Brogsdale v. Barry,* 926 F.2d 1184, 1189 (D.C.Cir.1991).

**3.** The defendants argue that the RFRA does not provide for a cause of action against federal employees in their individual capacity.

U.S.C. § 2679(b)(1) and (b)(2); *Kline v. Republic of El Salvador,* 603 F.Supp. 1313, 1317 (D.D.C.1985). Likewise, the RFRA provides no waiver of governmental immunity, nor does its legislative history suggest such a result. The purpose of the RFRA was merely "restore the compelling interest test previously applicable to free exercise cases" prior to the Supreme Court's decision in *Employment Division v. Smith,* 494 U.S. 872, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990). S.Rep. No. 103–111, *reprinted in* 1993 U.S.C.C.A.N. 1892 (July 27, 1993) at 1898. *See also id.* at 1902 ("[T]he purpose of [RFRA] is only to overturn the Supreme Court's decision in *Smith* "). As a result, the plaintiff has failed to state a claim under which he can recover the monetary damages he seeks.

## III. THE COURT SHALL INTERPRET THE PLAINTIFF'S REQUEST FOR AN APOLOGY AS A REQUEST FOR DECLARATORY RELIEF, AND THE COURT SHALL TRANSFER THE MATTER TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI, PURSUANT TO 28 U.S.C. § 1404(a), FOR THE CONVENIENCE OF THE PARTIES AND WITNESSES AND IN THE INTEREST OF JUSTICE.

■ Although the Court shall dismiss the plaintiff's *Bivens* and RFRA claims against defendant Krebbs in his individual capacity for lack of jurisdiction, and the Court shall dismiss the plaintiff's claims seeking monetary damages from the defendant Federal Bureau of Prisons and defendant Krebbs in his individual capacity, the plaintiff also requests the equitable relief of an apology to the Jewish community. Because the plaintiff does not represent a class of individuals, and the plaintiff has no standing to seek such a remedy on behalf of the Jewish community,[4]

the Court will interpret this *pro se* plaintiff's request as one for declaratory relief.

■ The defendants have requested that the case be transferred to the United States District Court for the Western District of Missouri because the witnesses, as well as defendant Krebbs, reside in that district. Title 28, section 1404(a) of the United States Code provides that:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

In the present case, the alleged incident occurred at MCPF Springfield. Defendant Krebbs resides in Missouri, as do the other prison officials and inmates at MCPF Springfield who may have witnessed the incident. Although the plaintiff is no longer an inmate at MCPF Springfield, he is currently incarcerated at FMC Rochester in Minnesota, which is much closer to Missouri than to Washington, D.C. There is no factual connection between the plaintiff's claim and Washington, D.C. The plaintiff has not set forth any reasons why Washington, D.C. is a more convenient venue for the case. Accordingly, because the plaintiff could have brought the suit in Western District of Missouri, and because transferring the case will be more convenient for the defendant and will cause no apparent inconvenience to the plaintiff, the Court shall transfer the case to the Western District of Missouri.[5] *See Nichols v. U.S. Bureau of Prisons,* 895 F.Supp. 6, 8 (D.D.C.1995).

### CONCLUSION

For the reasons discussed above, the Court shall grant the defendants' motion to dismiss, in part, and shall transfer the plaintiff's remaining claim against the government seeking an equitable remedy for an alleged violation of the RFRA to the United States

---

4. A plaintiff has no standing absent a showing that the remedy would redress the plaintiff's injuries. *See Allen v. Wright,* 468 U.S. 737, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). Furthermore, the plaintiff cannot present claims of third parties. *See McGowan v. Maryland,* 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961).

5. Accordingly, the Court makes no ruling with respect to the defendants' argument that the plaintiff's claim for equitable relief should be dismissed because he has failed to exhaust his administrative remedies with the Federal Bureau of Prisons.

District Court for the Western District of Missouri. The Court shall issue an Order of even date herewith consistent with the foregoing Memorandum Opinion.

## ORDER

For the reasons set forth in the Memorandum Opinion of even date herewith, the Court shall grant the defendants' motion to dismiss the plaintiff's claims, in part, and the Court shall transfer the plaintiff's remaining claim against the government for declaratory relief to the United States District Court for the Western District of Missouri. Accordingly, it is, by the Court, this 24th day of May, 1996,

ORDERED that the defendants' motion to dismiss the plaintiff's claims shall be GRANTED, IN PART, consistent with the Memorandum Opinion of even date herewith; and it is

FURTHER ORDERED that the defendants' motion to transfer the above-captioned case to the United States District Court for the Western District of Missouri shall be GRANTED; and it is

FURTHER ORDERED that the above-captioned case shall be dismissed from the dockets of this Court, with prejudice.