**Michael E. STEVENSON, Plaintiff,**

v.

**EMPLOYERS MUTUAL ASSOCIATION; David Schlack; Gary Mecklenburg; Kathleen Murray; and Northwestern Memorial Hospital, Defendants.**

No. 96 C 4414.

United States District Court,
N.D. Illinois,
Eastern Division.

March 28, 1997.

---

James Curtis Reho, Paul Frederick Peters, Law Offices of Paul F. Peters, Chicago, IL, for Michael E. Stevenson.

Michael Joseph Hennessy, David John Heyer, Hennessy & Cihak, P.C., Chicago, IL, John P. DeRose, John P. DeRose and Associates, Burr Ridge, IL, for Employers Mut. Ass'n, David A. Schlack.

## MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge:

"What's in a name?" [1] Unluckily for Plaintiff Michael Stevenson, he shares the same name with a three-time convicted felon. According to the First Amended Complaint, when the plaintiff's employer, Northwestern Memorial Hospital, asked credit reporting agency Employers Mutual Association (EMA) to do criminal background checks on the hospital's employees, Stevenson was wrongly identified as the felon and suspended from his job. Now, the plaintiff brings this action against Northwestern, two hospital executives, and EMA and its president, David Schlack. In the amended complaint, Counts 1 and 2 allege that EMA and Schlack violated the Fair Credit Reporting Act (FRCA), 15 U.S.C. §§ 1681n, 1681o, Count 3 maintains that EMA and Schlack committed libel, and Count 4 alleges that Northwestern and its executives slandered the plaintiff. Presently before this court is EMA and Schlack's motion to dismiss.[2] For the reasons set forth below, we deny the motion, and furthermore order EMA and Schlack's attorney to show cause why sanctions should not be imposed.

### I. Motion to Dismiss

At the outset, we point out that the defendants first moved to dismiss the three counts contained in the original complaint. However, after the plaintiff filed a response brief and an amended complaint, the defendants' reply brief mention, only one reason to dis-

---

1. WILLIAM SHAKESPEARE, ROMEO AND JULIET, act 2, sc. 2.

2. Because only EMA and Schlack have moved to dismiss. for convenience's sake we will refer to them as the "defendants."

miss one count. Specifically, EMA and Schlack's reply brief argues that the negligence claim in Count 1 is preempted by a provision of the FCRA:

1. Count I of the Plaintiff's submitted complaint alleges negligent non-compliance with the Fair Credit Reporting Act, under § 1681 of the Fair Credit Reporting Act. Since Count I does not allege malice or willful non-compliance it must be stricken.
2. § 1681h.(2)(e) provides that no consumer may bring an action or proceeding in the nature of defamation, invasion of privacy, or **negligence** with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to § 609, § 610, or § 615, except as to false information furnished with malice or willful intent to injure such consumer.

Defs.' Reply at 1 (emphasis in original). That is the entirety of the reply brief's discussion. Similarly, in the defendants' opening brief, 15 U.S.C. § 1681h (e) is block quoted, beginning with "No consumer may bring . . . ." Defs.' Br. at 1 (purporting to block quote § 1681h (e)).

The paraphrase and quotation omit the critical opening clause of the preemption provision: "Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action . . . ." § 1681h (e). Both the original complaint and the First Amended Complaint expressly ground Count 1 in § 1681o. Compl. ¶ 75; First Am. Compl. ¶ 75. Section 1681o provides in pertinent part:

§ 1681o. **Civil liability for negligent noncompliance**

Any consumer reporting agency or user of information which is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of. . . .

EMA and Schlack fail to proffer any reasoning or legal authority explaining how § 1681h (e) could form the basis for dismissing a § 1681o claim in light of the opening clause of § 1681h (e). Indeed, the only case cited in the defendants' briefing actually refers to the statutory negligence claim. *Watson v. Credit Bureau, Inc.,* 660 F.Supp. 48, 50 (S.D.Miss. 1986). At the risk of stating the obvious, no allegation of malice or willfulness is required for a statutory negligence claim under § 1681o.

As for the defendants' arguments that were made in the opening brief but are absent from the reply brief, we would reject those arguments even if not abandoned. A motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). We must also take as true the well-pleaded factual allegations of the complaint and attached exhibits, and view the allegations as well as reasonable inferences drawn from them, in the light most favorable to the plaintiff. *Cornfield v. Consolidated High Sch. Dist. 230,* 991 F.2d 1316, 1324 (7th Cir.1993); *Webster v. New Lenox Sch. Dist. 122,* 917 F.2d 1004, 1005 (7th Cir.1990). First, EMA and Schlack challenged Count 2 in Their opening brief, which alleges that the defendants' multiple failures to investigate and re-investigate amounted to willful noncompliance under § 1681n. Section § 1681n states in pertinent part:

§ 1681n. Civil liability for willful noncompliance

Any consumer reporting agency or user of information which willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of. . . .

At this stage of the litigation, Stevenson may plead alternative theories of negligence and willfulness, and Count 2 expressly alleges the latter. First Am. Compl. ¶¶ 80–81; Compl. ¶¶ 80–81. Moreover, the allegations (and facts consistent with them) suffice to state a claim of willful noncompliance. For example, the defendants allegedly reported the convictions without checking the court files for a physical description of the criminal, First Am. Compl. ¶ 34; never contacted Steven-

son's former employer to check whether he was absent from work for the years in which the criminal was imprisoned, even though Stevenson provided the defendants with a verification of employment from his past employer, *id.* ¶¶ 24, 42–43; failed to reconcile how Stevenson could have been working at Northwestern while the criminal was serving another imprisonment sentence, *id.* ¶¶ 31–33; failed to report to Northwestern that the criminal's birth date differed from Stevenson's, *id.* ¶¶ 27–29, and continued to assert that the birth dates matched even after a "reinvestigation," *id.* ¶ 47; and continued to maintain, after a reinvestigation revealed that Stevenson was wrongly identified as to one felony, that Stevenson committed the other two felonies even though the State's records identified the same person as the defendant in all three cases, *id.* ¶¶ 53–57. Whether EMA and Schlack committed these acts and omissions with a negligent or willful state of mind (or at all) is a proper subject for discovery. For now, it is enough to conclude that these allegations may entitle the plaintiff to relief under § 1681n.

Similarly, the defendants argued in their opening brief that the state common law libel claim, designated as Count 3, did not sufficiently allege malice or willful conduct so as to escape preemption under § 1681h (e). On the contrary, both the original complaint and the amended complaint allege malice. Compl. ¶ 88; First Am. Compl. ¶ 88; *Whelan v. Trans Union Credit Reporting Agency,* 862 F.Supp. 824, 833 (E.D.N.Y.1994) (borrowing definition of malice from *New York Times Co. v. Sullivan,* 376 U.S. 254, 279–80, 84 S.Ct. 710, 725–26, 11 L.Ed.2d 686 (1964) and citing *Thornton v. Equifax, Inc.,* 619 F.2d 700, 705 (8th Cir.1980) (citing *New York Times* malice standard as an example of type of malice required under the FCRA)); *Wiggins v. Equifax Servs.,* 848 F.Supp. 213, 223 (D.D.C.1993).

■ The defendants' final argument in their opening brief contended that Schlack could not be sued as an individual because he was acting in a "corporate capacity." Defs.' Br. at 2–3. Schlack provided no citation to legal authority or any other explanation why he cannot be sued in his individual capacity under the FCRA or state common law, *see id.,* and we can discern no basis for such immunity, 15 U.S.C. §§ 1681n, 1681o (providing for suits against "any consumer reporting agency"); § 1681a (f) (defining "consumer reporting agency" as "person" who meets certain standards). Accordingly, the motion to dismiss is denied.

## II. Sanctions

■ We turn now to sanctions. By signing the opening and reply briefs, the defendants' attorney certified that "the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed.R.Civ.P. 11(b)(2). As we explained above, the defendants' preemption argument challenging Stevenson's § 1681o statutory negligence claim was based on § 1681h (e), and the first clause of § 1681h (e) expressly exempts § 1681o from its purview. In addition to the absence of any legal basis for the preemption argument, the defendants' attorney appears to have intentionally omitted the first clause of § 1 681h (e), even though the complaints expressly grounded the negligence claim on § 1681o, and even after the plaintiff pointed to the statute yet again in his response brief, Pl.'s Resp. at 1. In light of these circumstances, we order the signatory of the defendants' briefs, Attorney Michael Hennessy, to show cause why he should not be sanctioned for either (1) failing to make a reasonable inquiry as to the legal basis of the argument to dismiss Count 1, or (2) intentionally omitting the first clause of § 1681h (e) in an attempt to mislead the court.[3] Mr. Hennes-

---

3. We point out that, ironically, the defendants' attorney threatened the plaintiff with Rule 11 sanctions in the opening brief: "Wherefore the Defendants ... pray this honorable court dismiss the Plaintiff's Complaint at Law, or in the alternative, the Defendants respectfully request that should the Plaintiff wish to contest the Defen-

dant's Motion and *cause needless litigation and escalation in costs which will result in a Motion by the Defendant for sanctions under Rule 11,* that this Honorable Court provide the parties with a Briefing Schedule." Defs.' Br. at 3 (emphasis added). Conducting litigation with civility re-

sy shall file a response to the order to show cause on or before April 7, 1 997. We emphasize that, because we are acting pursuant to our own initiative, Fed.R.Civ.P. 11(c)(1)(B), there is no 21–day "safe harbor" provision [4] and the parties shall proceed expeditiously with the litigation on the merits.

### III.  Conclusion

For the reasons discussed above, we deny the motion to dismiss and order Attorney Michael Hennessy to show cause why he should not be sanctioned.  It is so ordered.

quires, at the least, restraint from threatening opposing counsel with baseless Rule 11 motions.

**4.** *Ridder v. City of Springfield,* 109 F.3d 288, 297 n. 8 (6th Cir.1997); *Turner v. Sungard Business Sys.,* 91 F.3d 1418, 1421 n. 3 (11th Cir.1996); *Sinnerard v. Ford Motor Co.,* No. Civ. A. 95–2708, 1996 WL 544226, at *2 (E.D.Pa. Sept.23, 1996); *Rhein Medical, Inc. v. Koehler,* 889 F.Supp. 1511, 1517 (M.D.Fla.1995).