Edward G. TINSLEY, Plaintiff,

v.

Honorable H. Emory WIDENER, Jr. et al., Defendants.

No. Civ.A. 000157(RMU).

United States District Court, District of Columbia.

March 19, 2001.

Edward G. Tinsley, Washington, DC, for plaintiff Tinsley.

Eric M. Jaffe, Assistant United States Attorney, Washington, DC, for defendants Widener et al.

## *MEMORANDUM OPINION*

URBINA, District Judge.

### GRANTING THE DEFENDANT'S MOTION TO DISMISS

### I. INTRODUCTION

This matter comes before the court on the defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). The plaintiff, Edward G. Tinsley ("the plaintiff" or "Mr. Tinsley"), brought this *pro se* suit for damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.* The plaintiff claims

that federal judges wrongfully dismissed his civil lawsuit. Specifically, the plaintiff alleges that the dismissal and its subsequent affirmance violated his Seventh Amendment right to trial by jury and were conducted in the clear absence of jurisdiction. *See* Compl. at 4. The federal-judge defendants include the Honorable Peter J. Messitte, United States District Judge in the District of Maryland, and the Honorable H. Emory Widener, Francis D. Murnaghan, Jr., and James Dickson Phillips, Jr., United States Court of Appeals Judges in the Fourth Circuit. Because the federal-judge defendants filed a certification pursuant to 28 U.S.C. § 2679 certifying that they had acted within the scope of their authority as employees of the United States, the United States ("the defendant") is the only defendant in this matter. *See* Mot. to Dis. at 4.

The defendant moves to dismiss this action under Rule 12(b)(6) on the ground that the federal-judge defendants are immune from the plaintiff's FTCA suit. *See* Mot. to Dis. at 5–7. The plaintiff asserts that judicial immunity does not cover the judges' alleged violations of his constitutional rights. *See* Pl.'s Opp'n at 7. He also pleads a cause of action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), which he moves for leave to include in an amended complaint.[1] *See id.* at 8–10.

The defendant also moves to dismiss this action under Rule 12(b)(1) on the ground that the court lacks subject-matter jurisdiction because the plaintiff failed to timely file his administrative tort claim. *See* Mot. to Dis. at 4–5. The plaintiff counters that he did file within two years of his injury and moves to amend his complaint to that effect. *See* Pl.'s Opp'n to Mot. to Dis. ("Pl.'s Opp'n") at 5–7.

The court holds that judicial immunity bars both the plaintiff's *Bivens* claims and his FTCA claims. Because the plaintiff has failed to state a claim for which relief can be granted, the court will grant the defendant's motion to dismiss.

## II. BACKGROUND

Mr. Tinsley's complaint centers on a string of lawsuits he has filed since 1994. In April 1994, he filed a civil lawsuit in the Circuit Court for Prince George's County, Maryland, against TRW, Incorporated, Equifax Credit Information Services and Trans Union Corporation for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq. See* Compl., Ex. 1 at 7. The defendants removed that case to the United States District Court in Maryland. After the plaintiff and Trans Union signed a stipulation of dismissal, the United States District Court in Maryland granted summary judgment to the remaining defendants, TRW and Equifax. *See id.* The court held that Mr. Tinsley "raised no genuine issue of material fact as to violation of FRCA by Defendants." *See Tinsley v. TRW*, 879 F.Supp. 550, 552 (D.Md. 1995). Mr. Tinsley appealed this case to the Fourth Circuit, which affirmed the district court's judgment in an unpublished *per curiam* opinion dated August 15, 1995. *See* Compl., Ex. 1 at 7. The United States Supreme Court denied Mr. Tinsley's petition for a writ of certiorari on January 8, 1996. *See id.* at 7–8.

Later in 1996, Mr. Tinsley filed a second suit in the United States District Court in

---

1. In *Bivens,* the Supreme Court held that causes of action against individual federal officers could be directly inferred from constitutional provisions. In this case, the plaintiff asserts a cause of action against the federal-judge defendants for a violation of his Seventh Amendment right to a trial by jury.

Maryland, raising the same issues against the same parties. *See id.* at 7; Mot. to Dis. at 2. Once again, the court granted summary judgment for the defendants, this time holding that *res judicata* barred the suit. *See* Compl., Ex. 1 at 8. In the case at bar, Mr. Tinsley contends that the grant of summary judgment by Judge Messitte was a violation of his Seventh Amendment right to a trial by jury. *See* Compl. at 4–5. In December 1996, Mr. Tinsley appealed this second dismissal to the Fourth Circuit. A panel of the Fourth Circuit affirmed Judge Messitte's decision on December 31, 1996. *See* Mot. to Dis. at 2. Mr. Tinsley also appealed Judge Messitte's order denying his "motion for entry of final judgment."[2] Judges Widener, Murnaghan, and Phillips affirmed this order on May 8, 1997. *See id.* In his present complaint, Mr. Tinsley claims the appellate judges lacked subject-matter jurisdiction because the district court failed to enter a final judgment in his second suit. *See* Compl. at 5–7. On May 13, 1997, Mr. Tinsley filed a petition for rehearing with the Fourth Circuit. The Fourth Circuit denied his petition on July 7, 1997. *See* Mot. to Dis. at 2.

Meanwhile, on April 25, 1997, Mr. Tinsley filed a third suit in the United States District Court in Maryland, seeking damages under the FTCA against the United States for Judge Messitte's grant of summary judgment in his second suit. *See Tinsley v. United States,* 1997 WL 580586 (D.Md.1997). On May 6, 1997, the United States District Court in Maryland dismissed the action, holding that the United States had not waived its sovereign immunity. *See id.* at *1.

Challenging the decisions with respect to his second suit, Mr. Tinsley filed an administrative tort claim with the Administrative Office of the United States Courts ("AOUSC") on July 1, 1999. On July 30, 1999, the AOUSC denied his claim in full. *See* Compl. at 13; Mot. to Dis. at 3.

Mr. Tinsley filed his complaint in this court on January 28, 2000. On March 29, 2000, the federal-judge defendants filed a certification pursuant to 28 U.S.C. § 2679, certifying that they had acted within the scope of their authority as employees of the United States. *See* Mot. to Dis. at 4. Thus, the United States became the sole defendant in this matter. *See* 28 U.S.C. § 2679(d)(2).

In his complaint, Mr. Tinsley claims that the defendant does not have judicial immunity for its actions under the FTCA. *See* Compl. at 11. He claims the federal-judge defendants "knowingly usurped, or took jurisdiction of *Tinsley v. TRW Inc.,* PJM–96–372, claimed to be acting as a court, and acted erroneously." *See id.* at 17. Mr. Tinsley demands judgment against the defendant in the amount of $2,567,796.00. He claims he demonstrated these damages during his second suit in the United States District Court in Maryland. *See id.* at 19. He also demands interest from July 7, 1997, the date on which his case "was dismissed in the clear absence of jurisdiction." *See id.* The defendant now moves to dismiss. For the reasons that follow, the court will grant the defendant's motion.

### III. ANALYSIS

#### A. Legal Standard

■ For a complaint to survive a Rule 12(b)(6) motion to dismiss, it need only provide a short and plain statement of the

---

2. Apparently, Mr. Tinsley was under the misconception that after the court granted summary judgment, he still needed to receive an additional "entry of final judgment" so he could appeal.

claim and the grounds on which it rests. *See* FED.R.CIV.P. 8(a)(2); *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss under Rule 12(b)(6) tests not whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim. *See* FED.R.CIV.P. 12(b)(6); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Thus, the court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). In deciding such a motion, the court must accept as true all well-pleaded allegations of fact, excluding those that are overbroad and unsupported by specific factual averments. *See Pitney Bowes v. United States Postal Serv.,* 27 F.Supp.2d 15, 19 (D.D.C.1998). Moreover, the court should draw all reasonable inferences in the nonmovant's favor. *See Judicial Watch, Inc. v. Clinton,* 880 F.Supp. 1, 7 (D.D.C.1995).

### B. Judicial Immunity

Title 42 U.S.C. § 1983 grants absolute immunity to state and local judges for their judicial acts. Federal judges possess identical section 1983 immunity. *See Harlow,* 457 U.S. at 809, 102 S.Ct. 2727; *Butz v. Economou,* 438 U.S. 478, 504, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). The United States retains section 1983 immunity when sued under the FTCA if that defense is available to the judicial officer whose act is the basis for the suit. *See* 28 U.S.C. § 2674. The principle of judicial immunity is well-established. *See Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Bradley v. Fisher,* 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646 (1871); *Randall v. Brigham,* 7 Wall. 523, 74 U.S. 523, 19 L.Ed. 285 (1868). Absolute immunity is necessary for judicial functions because judges must "act upon [their] convictions, without apprehension of personal consequences to [themselves]." *See Bradley,* 80 U.S. at 347, 13 Wall. 335.

Judicial immunity is limited when judges act in the "clear absence of all jurisdiction." *See Stump,* 435 U.S. at 357, 98 S.Ct. 1099. This limitation, however, is narrowly construed. In *Stump,* a state-court judge was sued for issuing an order to sterilize a 15-year-old girl. No case was ever filed with the court, no docket number was assigned, and the whole matter was approved *ex parte. See id.* at 360, 98 S.Ct. 1099. Nevertheless, the Supreme Court held that the judge had not acted in the clear absence of all jurisdiction. *See id.* at 358, 98 S.Ct. 1099. A judge will not be deprived of immunity even when the action taken "was in error, was done maliciously, or was in excess of his authority." *See id.* at 356, 98 S.Ct. 1099.

### C. Judicial Immunity and *Bivens*

In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* the Supreme Court held that a cause of action for money damages against individual federal officers could be directly inferred from the Fourth Amendment. *See Bivens,* 403 U.S. at 389, 91 S.Ct. 1999. Subsequent cases have extended the *Bivens* doctrine to cover causes of action against federal officers for a variety of constitutional violations. *See, e.g., Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983) (recognizing First Amendment cause of action); *Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980) (recognizing Eighth

Amendment cause of action); *Davis v. Passman,* 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979) (recognizing Fifth Amendment cause of action).

■ In the case at bar, the plaintiff improperly relies on *Bivens.* A grant of summary judgment and the affirmance of a grant of summary judgment do not give rise to causes of action for violation of the Seventh Amendment. On the contrary, these rulings clearly qualify as judicial actions that are entitled to absolute immunity. Additionally, the plaintiff has failed to properly plead a clear absence of all jurisdiction. He himself chose the forum for his second suit. *See* Compl. at 2. Finally, suit cannot be brought against both an individual federal employee under a *Bivens* cause of action and against the United States under the FTCA. *See* 28 U.S.C. § 2676; *Carr v. United States,* 422 F.2d 1007, 1009–10 (4th Cir.1970).

### D. Sovereign and Judicial Immunity and the FTCA

■ The FTCA effects a limited waiver of sovereign immunity for certain torts committed by federal employees in the course of their federal employment. *See* 28 U.S.C. § 2674. Under the FTCA, the United States is liable for the negligent acts of its employees. The FTCA does not extend this waiver of sovereign immunity to constitutional tort claims, however. *See* *Federal Deposit Ins. Corp. v. Meyer,* 510 U.S. 471, 477–78, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (constitutional tort claim not cognizable under FTCA); *Meyer v. Federal Bureau of Prisons,* 929 F.Supp. 10, 13–14 (D.D.C.1996) (FTCA does not provide waiver of sovereign immunity with respect to constitutional torts).

Judicial immunity also protects the United States from the plaintiff's FTCA suit. The United States possesses section 1983 immunity when sued under the FTCA because the defense is available to the judicial officer whose act is the basis for the suit.[3]

### E. Rule 12(b)(1) Motion to Dismiss

Because the court holds that the plaintiff has failed to state a claim for which relief can be granted, it need not address the defendant's motion to dismiss for failure to file a timely administrative tort claim. Moreover, because the court grants the defendant's motion to dismiss, the court denies the plaintiff's motion for summary judgment as moot.

### F. Motion for Leave to Amend Complaint

As the defendant notes in its opposition to the plaintiff's motion to amend, any *Bivens* claim the plaintiff seeks to make in this case would necessarily be invalid. *See* Opp'n to Pl.'s Mot. to Amend at 3–4. As noted above, the court agrees. The plaintiff seeks to amend his complaint so he can base his *Bivens* claim on the actions of the federal-judge defendants. The court has already held that the doctrine of judicial immunity covers these actions. Accordingly, the court denies the plaintiff's motion for leave to amend the complaint as moot.

### IV. CONCLUSION

For all these reasons, the court grants the defendant's motion to dismiss in its entirety with prejudice. An Order direct-

---

**3.** Title 28 U.S.C. § 2674 states:

With respect to any claim under this chapter, the United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim, as well as any other defenses to which the United States is entitled.

ing the parties in a fashion consistent with this Memorandum Opinion is separately and contemporaneously issued this 19 day of March, 2001.

## ORDER

### GRANTING THE DEFENDANT'S MOTION TO DISMISS

For the reasons stated in the court's Memorandum Opinion issued separately and contemporaneously this 19th day of March, 2001, it is

**ORDERED** that the defendant's motion to dismiss shall be and hereby is **GRANTED;** and it is

**FURTHER ORDERED** that all other motions are **DENIED** as moot.

**SO ORDERED.**

**THIS IS A FINAL AND APPEALABLE ORDER.**