Opinion for the Court filed by Circuit Judge SENTELLE.
Concurring opinion filed by Circuit Judge TATEL.
SENTELLE, Circuit Judge.
Appellants, former inmates of the Federal Bureau of Prisons, sued the Bureau and several of its personnel (collectively, “BOP”), alleging religion-based discrimination in violation of the Religious Freedom Restoration Act of 1993 (“RFRA”), Pub.L. No. 103-141, 107 Stat. 1488, 42 U.S.C. §§ 2000bb to 2000bb-4. The District Court dismissed their damages claims as barred by. sovereign immunity, and plaintiffs brought this appeal. Agreeing that RFRA does not provide the kind of clear and unequivocal waiver of sovereign immunity governing precedent requires, we affirm.
I. Background
Randy Webman and Larry Rozen were imprisoned for fraud and other offenses at the Federal Correctional Complex in Coleman, Florida. Rozen was released in 2001, Webman in 2004. On February 3, 2003, they filed a complaint in the United States District Court for the District of Columbia, alleging violations of RFRA and the First Amendment’s Free Exercise clause.
According to their complaint, Webman and Rozen “are practicing Jews who adhere to the religious obligations and dietary laws of their faith.” While imprisoned, they allegedly suffered an array of religion-based discrimination. Inter alia, the BOP allegedly denied Webman and Rozen access to rabbis, served them non-kosher meals, refused to afford them an opportunity to pray regularly, and countenanced or caused sundry forms of religious harassment. The complaint sought injunc-tive relief, compensatory damages, and reasonable costs and attorney’s fees.
*1024 BOP responded to the complaint with a motion to dismiss, styled in the alternative as a motion for summary judgment. On March 21, 2004, the District Court granted the motion in part. It dismissed all damages claims as barred by sovereign immunity, and Rozen’s claims for injunctive relief because his release from prison mooted them. Webman remained incarcerated, however, and the court held that his equitable claims raised genuine issues of material fact. These remaining claims were short-lived, though: Soon after Webman was released from prison in September 2004, the court found them moot as well. Webman and Rozen now appeal only the District Court’s judgment on the damages claim, arguing that the court erred in its ruling on sovereign immunity under RFRA.
II. Analysis
A. RFRA
In Employment Division v. Smith, 494 U.S. 872, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990), the Supreme Court held that “neutral, generally applicable laws may be applied to religious practices even when not supported by a compelling government interest.” City of Boerne v. Flores, 521 U.S. 507, 514, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997). In so doing, the Smith Court held that the so-called Sherbert test does not govern such neutral, generally applicable laws. That test, set forth in Sherbert v. Verner, 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963), involved a balancing process in which the court would ask whether a statutory or regulatory prohibition “substantially burdened a religious practice and, if it did, whether the burden was justified by a compelling government interest.” City of Boerne, 521 U.S. at 513, 117 S.Ct. 2157.
After the Smith decision, Congress enacted RFRA for the express purpose of restoring the Sherbert Free Exercise test. See 42 U.S.C. § 2000bb(b)(l); Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal, — U.S.-, at-, 126 S.Ct. 1211, 1215, 163 L.Ed.2d 1017, at - (2006). Under RFRA, “[gjovernment shall not substantially burden a person’s exercise of religion even if the burden results from a rule of general applicability,” unless the government can demonstrate that the application of the burden “is in furtherance of a compelling governmental interest” and “is the least restrictive means of furthering that compelling governmental interest.” 42 U.S.C. § 2000bb-l(a), (b).
RFRA’s judicial relief provision is couched in broad terms: “A person whose religious exercise has been burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against a government.” Id. § 2000bb-l(c) (emphasis added). In its definition section, RFRA states: “[T]he term ‘government’ includes a branch, department, agency, instrumentality, and official (or other person acting under color of law) of the United States ....” Id. § 2000bb-2(l).
The Supreme Court ruled in City of Boeme that Congress lacks the constitutional authority to enforce RFRA against the states. 521 U.S. at 536,117 S.Ct. 2157. Congress does, however, have the power to enforce RFRA against the federal government. See Holy Land Found, for Relief & Dev. v. Ashcroft, 333 F.3d 156, 167 (D.C.Cir.2003) (“[W]e have held that without doubt ‘the portion [of RFRA] applicable to the federal government ... survived the Supreme Court’s decision striking down the statute as applied to the States.’ ”) (quoting Henderson v. Kennedy, 265 F.3d 1072, 1073 (D.C.Cir.2001)), cert. denied, 540 U.S. 1218, 124 S.Ct. 1506, 158 L.Ed.2d 153 (2004).
*1025 B. Sovereign Immunity
“It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.” United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); see also United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941) (“The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court’s jurisdiction to entertain suit.”) (citations omitted). The federal government may waive its sovereign immunity by statute, but that waiver “must be unequivocally expressed in statutory text.” Lane v. Peña, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996) (citing United States v. Nordic Village, Inc., 503 U.S. 30, 33-34, 37, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992)); see also United States v. Mitchell, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980); United States v. King, 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). Waivers may not be implied. Irwin v. Dep’t of Veterans Affairs, 498 U.S. 89, 95, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); Soriano v. United States, 352 U.S. 270, 276, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957). And courts must “strictly eonstrue[j” any waiver of sovereign immunity, “in terms of its scope, in favor of the sovereign.” Lane, 518 U.S. at 192, 116 S.Ct. 2092 (“To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims.”) (citation omitted); Library of Cong. v. Shatu, 478 U.S. 310, 318, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986); Lehman v. Nakshian, 453 U.S. 156, 161, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981); McMahon v. United States, 342 U.S. 25, 27, 72 S.Ct. 17, 96 L.Ed. 26 (1951); Sherwood, 312 U.S. at 590, 61 S.Ct. 767 (collecting cases).
C. Application to this Case
Webman and Rozen do not dispute that the BOP is protected by sovereign immunity and therefore immune to suit absent a waiver. Thus, the only issue before us is whether RFRA’s waiver of sovereign immunity extends to monetary damages.[1] We review the matter de novo. Loughlin v. United States, 393 F.3d 155, 162 (D.C.Cir.2004).
Appellants attempt to find an unequivocal waiver in RFRA’s reference to “government.” Appellants’ Br. at 12-13. Because RFRA authorizes “appropriate relief against a government,” 42 U.S.C. § 2000bb-l(c) (italics added), and “government” includes instrumentalities of the federal government, id. § 2000bb-2(l), Webman and Rozen claim that RFRA waives the federal government’s sovereign immunity in its entirety. Not so. No one disputes that BOP and other arms of the federal government may be sued for at least some forms of relief under RFRA. The question is whether permissible forms include money damages. A waiver of sovereign immunity for some type of remedy does not necessarily extend to suits for damages. See Lane, 518 U.S. at 196, 116 S.Ct. 2092 (“It is plain that Congress is free to waive the Federal Government’s sovereign immunity against liability without waiving its immunity from monetary damages awards.”); Nordic Village, 503 U.S. at 34, 112 S.Ct. 1011 (“Though [a *1026 bankruptcy statute], too, waives sovereign immunity, it fails to establish unambiguously that the waiver extends to monetary claims.”).
The dispositive question is whether RFRA’s reference to “appropriate relief’ includes monetary damages. On its face, RFRA’s reference to “appropriate relief’ is not the “sort of unequivocal waiver that our precedents demand,” Lane, 518 U.S. at 198, 116 S.Ct. 2092, because that broad term is susceptible to more than one interpretation. In some contexts, “appropriate relief’ might include damages. Cf. West v. Gibson, 527 U.S. 212, 222-23, 119 S.Ct. 1906, 144 L.Ed.2d 196 (1999) (holding that Title VII’s reference to “appropriate remedies” contemplates compensatory damages where a statutory cross-reference explicitly authorizes them). However, another plausible reading is that “appropriate relief’ covers equitable relief but not damages, given Congress’s awareness of the importance of sovereign immunity and its silence in the statute on the subject of damages. We cannot find an unambiguous waiver in language this open-ended and equivocal.
Congress need not use magic words to waive sovereign immunity, but the language it chooses must be unequivocal and unambiguous. See Dep’t of Army v. Blue Fox, Inc., 525 U.S. 255, 261, 119 S.Ct. 687, 142 L.Ed.2d 718 (1999). RFRA’s text falls short on this standard.[2] We therefore hold that RFRA does not waive the federal government’s sovereign immunity for damages.
III. Conclusion
For the reasons stated above, the District Court’s dismissal of Appellants’ claims for lack of jurisdiction is therefore

Affirmed.

. BOP's brief — in addition to offering little beyond conclusory assertions that RFRA did not waive sovereign immunity — lifts almost an entire paragraph from Tinsley v. Pittari, 952 F.Supp. 384, 389 (N.D.Tex.1996), reproducing it twice (with only minor alterations) in its brief, without attribution, in violation of Fed. R.App. P. 28(a)(9)(A) and D.C.Cir. R. 28(d). See Appellee’s Br. at 7, 10.

. While no appellate courts have squarely addressed the issue before us, at least five district courts have concluded that RFRA’s textual reference to "appropriate relief” is not an unequivocal waiver of sovereign immunity for damages. See Lepp v. Gonzales, 2005 WL 1867723, at *8 (N.D.Cal. Aug. 2, 2005); Pineda-Morales v. De Rosa, 2005 WL 1607276, at *13 (D.N.J. My 6, 2005); Jama v. INS, 343 F.Supp.2d 338, 372-73 (D.N.J.2004); Tinsley, 952 F.Supp. at 389; Meyer v. Fed. Bureau of Prisons, 929 F.Supp. 10, 13-14 (D.D.C.1996); cf. Commack Self-Serv. Kosher Meats Inc. v. New York, 954 F.Supp. 65, 68-70 (E.D.N.Y.1997); Rust v. Clarke, 851 F.Supp. 377, 380-81 (D.Neb.1994); see also Mack v. O’Leary, 80 F.3d 1175, 1177 (7th Cir.1996) (dictum) (referencing the "appropriate relief” language and mentioning that "there is no indication of congressional intent to abrogate the states’ Eleventh Amendment immunity from suit"), vacated sub nom. O’Leary v. Mack, 522 U.S. 801, 118 S.Ct. 36, 139 L.Ed.2d 5 (1997).