Gordon James **KLINGENSCHMITT**, Appellant

v.

Donald C. **WINTER**, Secretary of the Navy, Appellee.

No. 07–5285.

United States Court of Appeals, District of Columbia Circuit.

April 14, 2008.

William P. Farley, Law Office of William P. Farley, PC, Washington, DC, for Appellant.

R. Craig Lawrence, Assistant U.S. Attorney, U.S. Attorney's Office, Lowell Vernon Sturgill, Jr., Attorney, Peter Douglas, Keisler, Robert Mark Loeb, Jeffrey Allen Taylor, U.S. Attorney, U.S. Department of Justice Office of the Attorney General, Washington, DC, for Appellee.

Before: GINSBURG and GRIFFITH, Circuit Judges, and SILBERMAN, Senior Circuit Judge.

## *JUDGMENT*

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). The court has determined the issues presented occasion no need for a published opinion. *See* D.C.Cir. Rule 36(b). It is

**ORDERED** and **ADJUDGED** that the dismissal of Klingenschmitt's complaint be affirmed. Klingenschmitt, who was a chaplain for the Navy until he voluntarily resigned from his church, asserted in the District Court that the Secretary of the Navy unlawfully initiated proceedings to separate him from the Navy. As the district court explained, however, applicable regulations required the Navy to initiate separation proceedings because Klingenschmitt had lost his endorsement, Department of Defense Instruction 1304.28, ¶ 6.5, and neither Navy Instruction 1120.9 nor 10 U.S.C. § 643 is to the contrary. Because mandatory, the Secretary's initiation of separation proceedings could not have been motivated by retaliatory animus. Klingenschmitt's complaint also challenged the Secretary's reg-

ulation of Klingenschmitt's religious expression as contrary to the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb *et seq.,* and to the Free Speech, Free Exercise, and Establishment Clauses of the First Amendment to the Constitution of the United States, but as Klingenschmitt was separated from the Navy after he had filed his complaint, which he never amended, the District Court properly dismissed those challenges for lack of standing. Klingenschmitt may obtain no injunctive or declaratory relief as he is no longer a chaplain, *City of Los Angeles v. Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983), and although Klingenschmitt's complaint seeks damages, he argues only that *Webman v. FBP,* 441 F.3d 1022 (D.C.Cir.2006), in which we held a private plaintiff may not obtain damages under the RFRA, was wrongly decided. Because *Webman* is the law of this circuit and therefore binding upon this panel, *Maxwell v. Snow,* 409 F.3d 354, 358 (D.C.Cir.2005), Klingenschmitt has offered no ground on the basis of which we may conclude his injuries are redressable. It is

**FURTHER ORDERED** that the Government's motion for leave to file supplemental appendix be dismissed as moot.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing en banc. *See* D.C.Cir. Rule 41(a)(1).