# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 23-5111**

**September Term, 2023**

**1:19-cv-02316-RC**

**Filed On:** May 30, 2024

David Alan Carmichael and Lawrence Donald
Lewis,

       Appellants

William Pakosz,

       Appellee

    v.

Antony J. Blinken, in his official capacity as
Secretary of State, of the United States of
America and United States of America,

       Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:** Wilkins, Childs, and Pan, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, the motion to supplement the appendix, the opposition thereto, and the lodged supplemental appendix; and the unopposed motion to exceed the word limit, it is

**ORDERED** that the motion to supplement the appendix be denied. The documents in the lodged supplemental appendix are not part of the record on appeal. See Fed. R. App. P. 10(a) (defining contents of record on appeal). Nor have appellants shown that supplementing the record "would establish beyond any doubt the proper resolution of the pending issues" or otherwise would be "in the interests of justice." See Colbert v. Potter, 471 F.3d 158, 166 (D.C. Cir. 2006) (citation omitted). It is

**FURTHER ORDERED** that the motion to exceed the word limit be granted. The Clerk is directed to file the final opening brief lodged by appellants. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's orders entered March 25, 2022, May 25, 2022, and March 20, 2023 be affirmed.  The district court correctly concluded that appellants' receipt of valid passports mooted their claims for equitable and declaratory relief.  See McBryde v. Comm. to Review, 264 F.3d 52, 55 (D.C. Cir. 2001) ("If events outrun the controversy such that the court can grant no meaningful relief, the case must be dismissed as moot.").  Appellant Carmichael has not shown that reinstating his prior passport would provide him with any "meaningful relief."  See id.  Nor can appellants avoid mootness by alleging injury from being "harangued" by third parties, which is not an alleged injury upon which their complaint is based.  See Clarke v. United States, 915 F.2d 699, 703 (D.C. Cir. 1990) (plaintiffs resisting a mootness claim "must be estopped to assert a broader notion of their injury than the one on which they originally sought relief").  Moreover, appellants' allegations of injury to third parties do not show that an exception to mootness applies.  See Sands v. NLRB, 825 F.3d 778, 784 (D.C. Cir. 2016) (stating that appellant "cannot avoid mootness by asserting the rights of third parties when she herself fails to meet Article III's requirements"); see also Clarke, 915 F.2d at 704 (capable of repetition yet evading review exception requires showing of "a reasonable expectation that the same complaining party would be subjected to the same action again") (citation omitted) (emphasis added).  Similarly, appellants have not shown that there remains a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  See Preiser v. Newkirk, 422 U.S. 395, 402 (1975) (cleaned up).

Additionally, the district court correctly dismissed appellants' claim for damages under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb-1, because appellants failed to identify a waiver of sovereign immunity for that claim.  See Webman v. Fed. Bureau of Prisons, 441 F.3d 1022, 1026 (D.C. Cir. 2006) (stating that "RFRA does not waive the federal government's sovereign immunity for damages").

Furthermore, Carmichael has not supported his argument that the district court abused its discretion in directing him to indicate how he would take possession of the passport that he mailed to the district court clerk's office.  Carmichael has pointed to no authority that the court was required to hold his passport.

Finally, appellants have forfeited any challenge to the district court's dismissal of their claims for damages under the Privacy Act, 5 U.S.C. § 552a, and the Fifth Amendment Due Process Clause.  See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004) ("Ordinarily, arguments that parties do not make on appeal are deemed to have been waived.").  It is

**FURTHER ORDERED AND ADJUDGED** that the appeal be dismissed as moot as to the district court's orders entered January 20, 2021 and April 19, 2021, and as to the May 7, 2021 order entering a dispositive motions schedule.  Appellants' receipt of

valid passports means the court can provide no "meaningful relief" as to these orders. See McBryde, 264 F.3d at 55.  It is

**FURTHER ORDERED AND ADJUDGED** that the district court's order entered August 28, 2020 be affirmed in part and that the appeal of that order be dismissed as moot in part.  Appellants have forfeited any challenge to the district court's dismissal of their claims for damages under 42 U.S.C. § 408 and 18 U.S.C. § 241, and the order is affirmed as to the dismissal of those claims.  See Gov't of Manitoba v. Bernhardt, 923 F.3d 173, 179 (D.C. Cir. 2019) ("A party forfeits an argument by mentioning it only in the most skeletal way . . . .") (internal quotation marks omitted).  Additionally, the appeal of the order is moot insofar as the district court dismissed appellants' claims that appellees violated 22 U.S.C. § 2721 and Executive Order 13,798, their claim that 22 C.F.R. §§ 51.60 and 51.70 are unconstitutionally overbroad in violation of the Fifth Amendment, and their claim that appellees violated the First, Fifth, and Ninth Amendments by refusing to disclose the names of the employees who were involved in reviewing appellants' passport applications.  Appellants did not assert any right to damages arising from these claims.  Nor did they assert any right to equitable or declaratory relief arising from these claims other than the request for a valid passport and a declaration that the government's passport policy was unlawful.  Accordingly, any request for equitable or declaratory relief for these claims was mooted by appellants' receipt of valid passports.  See McBryde, 264 F.3d at 55.

Finally, appellants argue on appeal that they asserted a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).  However, appellants waived this argument by not asserting an FTCA claim in district court.  See Keepseagle v. Perdue, 856 F.3d 1039, 1053 (D.C. Cir. 2017) ("It is well settled that issues and legal theories not asserted at the District Court level ordinarily will not be heard on appeal.") (citation omitted).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**